UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHON DEJON ALEXANDER, | No. 2:19-cv-2082 AC |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KERR LUCAS, | |
| Defendant. | |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The First Amended Complaint, ECF No. 11, is before the court for screening.

    I.    <u>Statutory Screening of Prisoner Complaints</u>

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639,

640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     First Amended Complaint

The First Amended Complaint (FAC) states claims under the Eighth and Fourteenth

Amendments against sole defendant Kerr Lucas, a nurse at CSP-Sacramento. The complaint alleges as follows. On January 23, 2018, plaintiff fell in his cell. Plaintiff hit his head and the back of his neck, and landed on his back and right hip, which subsequently "locked up." Nurse Lucas arrived approximately 30 minutes after plaintiff's fall, and he refused plaintiff's pleas for medical attention. Plaintiff specifically told Nurse Lucas he wanted to go "man down" and needed the "concussion protocol." Lucas responded, "What am I supposed to do? Fill out a sick call slip!" ECF No. 11 at 4.

Plaintiff never received medical treatment for his injuries close in time to his fall, and he subsequently required a cortisone shot and a cane; he now requires a back brace. Had he been seen promptly after his accident, plaintiff would have gotten physical therapy which would have lessened his irreparable and permanent injuries. He finally got physical therapy for his neck in 2020, but never got treatment for his lower back. Both plaintiff's neck and back still cause him constant pain. Id.

Based on these allegations, plaintiff asserts two claims against Lucas: (1) deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment; and (2) treatment different from others similarly situated in violation of the Fourteenth Amendment. Id. at 5.

III.   Failure to State a Claim

   A.   Eighth Amendment

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. See, Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990). The requisite state of mind is "deliberate indifference." Hudson

3

1  v. McMillian, 503 U.S. 1, 4 (1992).  Neither negligence nor recklessness is sufficient to establish
2  deliberate indifference.  Farmer v. Brennan, 511 U.S. 825, 835-837 (1994).  A prison official acts
3  with deliberate indifference only if he subjectively knows of and disregards an excessive risk to
4  inmate health and safety.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

5  Plaintiff's allegations demonstrate a serious medical need.  And for purposes of screening,
6  the court will assume that defendant's alleged statements in response to plaintiff's pleas for
7  assistance are sufficient to demonstrate a deliberately indifferent state of mind rather than mere
8  negligence.  Even so, the allegations do not state a plausible claim for relief.  As plaintiff was
9  previously informed, ECF No. 8 at 4, because Lucas's only alleged wrongful act was a failure to
10 provide immediate medical assistance, he can be liable only if the delay in providing medical care
11 itself harmed plaintiff.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408
12 (9th Cir. 1985).  In other words, Lucas can be liable only for injuries that he caused by failing to
13 ensure immediate treatment, not for injuries caused by the fall itself or by any subsequent failure
14 to treat for which he was not personally responsible.  See Harper v. City of Los Angeles, 533 F.3d
15 1010, 1026 (9th Cir. 2008) (in § 1983 case, plaintiff must demonstrate that defendant's conduct
16 was the actionable cause of the claimed injury).  Although plaintiff has added facts to the FAC in
17 response to the court's previous finding of insufficient allegations, the claim still fails for lack of
18 a showing that defendant's failure to obtain or provide immediate medical care caused the neck
19 and back problems of which plaintiff complains.

20 Plaintiff's allegations of harm from Lucas's inaction are completely conclusory.  There is
21 no indication that Lucas prevented plaintiff from seeking medical attention after the incident;
22 indeed, Lucas allegedly instructed plaintiff to submit a sick call request.  Nothing about the nature
23 of plaintiff's injuries supports an inference that his recovery would have been meaningfully
24 different had he been seen by a doctor within the days following his fall instead of immediately
25 after.  In any event, the FAC does not allege that plaintiff sought medical attention in the
26 aftermath of the accident.  Neither does it provide specific facts supporting the contention that his
27 ongoing neck and back problems would have been prevented or mitigated by "man down" or
28 "concussion protocol" thirty minutes after his fall.  Plaintiff's own belief that prompt physical

therapy would have prevented his present level of alleged pain and debilitation is insufficient, and Lucas's failure to call "man down" or provide concussion response did not prevent plaintiff from seeking or obtaining physical therapy close in time to his injuries. In short, the Eighth Amendment claim against Lucas fails for lack of facts showing that defendant caused plaintiff's harm.

### B. Equal Protection

Plaintiff's conclusory equal protection claim is unsupported by relevant factual allegations. To state a claim for violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir. 1998) (citations omitted). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The language of the FAC (treatment different from others similarly situated without rational basis, ECF No. 11 at 5) suggests a Willowbrook "class of one" claim, but plaintiff alleges no facts regarding the treatment of similarly situated individuals. Indeed, the FAC contains no allegations relevant to or even consistent with this putative theory for relief.

### IV. Further Leave to Amend Is Not Warranted

Leave to amend need not be granted when amendment would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). Plaintiff has already been provided the opportunity to amend his Eighth Amendment claim, with guidance regarding the applicable pleading standards and causation principles. ECF No. 8. He has provided additional facts responsive to the court's instructions, which only clarify the lack of a causal relationship between defendant's actions and plaintiff's injuries. Accordingly, further leave to amend the claim would be futile.

Plaintiff's newly asserted equal protection claim is inconsistent with the facts alleged and with the nature of the underlying dispute. The incident giving rise to the complaint does not involve a recurring situation as to which the defendant may have responded differently on different occasions involving different inmates. Accordingly, it would be futile to provide

plaintiff leave to amend for the purpose of identifying similarly situated individuals and defendant's responses to them.

For these reasons, the undersigned recommends dismissal without further leave to amend.

V.     Plain Language Summary of this Order for a Pro Se Litigant

The facts stated in your Amended Complaint do not show that defendant's failure to provide immediate assistance after your fall was the cause of your injuries. You cannot sue Nurse Lucas under the circumstances you describe. The magistrate judge is therefore recommending that this case be dismissed without further amendment.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

IT IS FURTHER RECOMMENDED that:

1. The Amended Complaint be DISMISSED pursuant to 28 U.S.C. § 1915A(a), without leave to amend, for failure to state a claim upon which relief may be granted; and

2. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE