1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHON DEJON ALEXANDER,                  No.  2:19-cv-2082 WBS AC P

12                  Plaintiff,

13        v.                                   FINDINGS AND RECOMMENDATIONS

14   KERR LUCAS,

15                  Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed a motion for

18   relief from judgment pursuant to Rule 60(b)(1), Fed. R. Civ. P.  ECF No. 17.

19        I.     Background

20        Plaintiff's initial complaint, ECF No. 1, presented a single claim under the Eighth

21   Amendment.  On screening, the undersigned found that plaintiff's allegations failed to state a

22   claim upon which relief could be granted.  ECF No. 8.  Plaintiff was granted leave to amend.  Id.

23   The First Amended Complaint, ECF No. 11, presented both an Eighth Amendment claim and an

24   equal protection claim.  On July 29, 2021, the undersigned screened the FAC and recommended

25   that this action be dismissed for failure to state a claim.  ECF No. 12.  The undersigned concluded

26   that further amended would be futile.  Id. at 5-6.

27        On August 9, 2021, plaintiff filed an unsolicited second amended complaint ("SAC"),

28   ECF No. 13, which was construed as objections to the findings and recommendations.  See ECF

                                        1

1    No. 14 at 1.  The SAC contained a restatement of the facts supporting plaintiff's claim(s); it is

2    unclear what constitutional violation(s) plaintiff was presenting as grounds for relief.  ECF No. 13

3    at 7.  On August 13, 2021, the district judge adopted the findings and recommendations, and the

4    case was closed.  ECF Nos. 14, 15.[1]  Thereafter, on September 27, 2021, plaintiff filed the instant

5    motion for relief from judgment under Rule 60(b)(1), together with a proposed Third Amended

6    Complaint.  ECF Nos. 17, 18.

7         The motion states in full as follows:

8              Comes now, Plaintiff Stephon Alexander moves the court to grant
             relief from the judgment because plaintiff inadvertently added the
9             equal protection claim.  Plaintiff honestly made a mistake and begs
             the court to accept the proper First Amended Complaint. See
10            exhibit.

11   ECF No. 17.

12        The Third Amended Complaint, which the court understands to be the referenced exhibit,

13   contains plaintiff's Eighth Amendment claim only.  ECF No. 18 at 4.

14   II.    Standards

15        Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final

16   judgment or any order where one of more of the following is shown:  (1) mistake, inadvertence,

17   surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence,

18   could not have been discovered within twenty-eight days of entry of judgment; (3) fraud,

19   misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5)

20   satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  A

21   motion for reconsideration on any of these grounds must be brought within a reasonable time, and

22   no later than one year, of the entry of the judgment or the order being challenged.  Id.  "Motions

23   for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are

24   addressed to the sound discretion of the district court[.]"  Allmerica Financial Life Insurance and

25   _____

26   [1]  While the findings and recommendations were pending before the district judge, plaintiff filed a
     motion to voluntarily dismiss the action.  See ECF No. 16.  Pursuant to Houston v. Lack, 487
27   U.S. 266 (1988) and Porter v. Ollison, 620 F.3d 952, 955 n.1 (9th Cir. 2010), that motion was
     constructively filed when it was signed on August 9, 2021 (see ECF No. 16 at 1).  The motion
28   was not docketed until August 16, 2021, after the case had already been closed.  See id.

1   Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

2       III.   Discussion

3       Plaintiff has not identified circumstances that could support relief from judgment under

4   Rule 60(b)(1).  His mistake in failing to omit the equal protection claim from previous proposed

5   versions of this complaint—even assuming plaintiff's good faith and inadvertence in that

6   regard—cannot have affected the judgment, because the magistrate judge and the district judge

7   both found that the Eighth Amendment claim at the heart of plaintiff's case could not support

8   relief and that further amendment of that claim would be futile.  ECF No. 12 at 6; ECF No. 14.

9       The court's judgment in this case was not the consequence of any excusable error on

10   plaintiff's part.  Accordingly, there is no basis for relief under Rule 60(b)(1).

11       Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for relief from

12   judgment (ECF No. 17) be DENIED.

13       These findings and recommendations are submitted to the United States District Judge

14   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15   after being served with these findings and recommendations, plaintiff may file written objections

16   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

17   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

18   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

19   (9th Cir. 1991).

20   DATED: October 12, 2021

21                                    ALLISON CLAIRE
22                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

                                    3